1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9
AT TACOMA

10
THOMAS WILLIAMSINCLAIR RICHEY,

11
               Petitioner,

CASE NO. C13-5687 RBL-JRC

12
     v.

ORDER TO FILE AN AMENDED
PETITION

13
SANDRA DIMMEL,

14
               Respondent.

15
      The District Court has referred this petition for a writ of habeas corpus to United States

16
Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

17
636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief

18
from a state court decision denying him appointment of counsel and he asks this Court to grant

19
him in forma pauperis status (ECF No. 1).

20
      The Court has reviewed the proposed petition and motion to proceed in forma pauperis

21
(ECF No. 1). Petitioner does not inform the Court if he is challenging a state conviction; nor

22
does he inform the Court what year he was convicted (ECF No. 1, proposed petition). The Court

23
notes that the Washington State Superior Court dismissed petitioner's state personal restraint

24

1  petition as time barred (ECF No l). Petition has not informed the Court of the nature of his state

2  personal restraint petition. Further, the Court takes judicial notice of its own records and notes

3  that petitioner has been incarcerated and litigating since 1989, *see* 89-CV- 0295JET *Richey v*

4  *State of Washington*. Petitioner is attempting to file the petition pursuant to 28 U.S.C. § 2254.

5  There is a one-year statute of limitations for such an action. *See* 28 U.S.C. 2244(d)

6          The Court also notes that petitioner challenges a decision to deny him appointment of

7  counsel under state law, RCW 10.75.150(1) (ECF No. 1). Habeas corpus relief is not

8  available for errors of state law.  Federal courts may intervene in the state judicial process

9  only to correct wrongs of a constitutional dimension.  *Engle v. Isaac*, 456 U.S. 107, 119

10  (1983).  28 U.S.C. § 2254 explicitly states that a federal court may entertain an application

11  for writ of habeas corpus "only on the ground that [petitioner] is in custody in violation of the

12  constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  The Supreme

13  Court has stated that federal habeas corpus relief does not lie for mere errors of state law.

14  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);

15  *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

16          The Court orders petitioner to provide the Court with more information and amend his

17  petition to include information about the conviction or convictions he was attempting to

18  challenge in his state court proceedings and to include information about how long he has been

19  incarcerated on this conviction or convictions. Petitioner must inform the Court of the year of his

20  conviction and what charges he was convicted of committing. Petitioner must also inform the

21  Court if his state court proceedings were a direct appeal after conviction or a collateral challenge.

22  Finally, petitioner must inform the Court why he believes that his conviction violates the

23  constitution or law or treaties of the United States.

24

ORDER TO FILE AN AMENDED PETITION - 2

1    The Petitioner's amended petition will be due on or before September 27, 2013. The

2    Court will take no action on petitioner's motion to proceed in forma pauperis until it has

3    reviewed the amended petition.

4         Dated this 28th day of August, 2013.

5

6    _____
     J. Richard Creatura
7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO FILE AN AMENDED PETITION - 3